IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 1:26-CR-042-H |
| JAMES MICHAEL JONES | |

## FACTUAL RESUME

In support of James Michael Jones's plea of guilty to the offenses in Count One and Count Two of the Indictment, Jones, the defendant, Nick Davis, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSES

To prove the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1), that is, Receipt of Child Pornography, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First*: That the defendant knowingly received an item of child pornography, as alleged in the Indictment;

*Second*: That the item of child pornography had been shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer;

*Third*: That when the defendant received the item, the defendant knew the item was child pornography.

To prove the offense alleged in Count Two of the Indictment, charging a violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2), that is, Possession of Child

[1] Fifth Circuit Pattern Jury Instruction 2.85D (5th Cir. 2024).

Pornography Involving a Prepubescent Minor, the government must prove each of the following elements beyond a reasonable doubt:[2]

*First.* That the defendant knowingly possessed an item or items that contained an image of child pornography, as alleged in the Indictment;

*Second.* That the material had been mailed, shipped or transported using any means or facility of in or affecting interstate or foreign commerce by any means, including by computer;

*Third.* That when the defendant possessed the material, the defendant knew the item was or contained child pornography; and

*Fourth.* The material the defendant possessed involved a prepubescent minor or a minor who had not attained 12 years of age.

To "receive" something means to knowingly accept or take possession of something. Receipt does not require proof of ownership.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

---

[2] Fifth Circuit Pattern Jury Instruction 2.85F (5th Cir. 2024).

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral- genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an un- natural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

The Internet is a means or facility of interstate or foreign commerce. *See United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009).

**<u>STIPULATED FACTS</u>**

1. James Michael Jones (Jones) admits and agrees that from on or about a date unknown to the grand jury to on or about July 22, 2026, in the Abilene Division of the Northern District of Texas, and elsewhere, he did knowingly receive child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce by any means, including by computer. Specifically, Jones admits that he used the Internet and a cellular telephone to receive the following visual depiction of a minor engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256: a video approximately 2 minutes and 48 seconds in duration that depicted a lascivious exhibition of the genitals and pubic area of a female child between the ages of 10 and 12 years old, and a video approximately 36 seconds in duration that depicted a lascivious exhibition of

the genitals and pubic area and masturbation of a female minor. He did so in violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(b)(1).

2. Jones admits and agrees that on or about July 22, 2026, in the Abilene Division of the Northern District of Texas, he knowingly possessed materials, which contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(C), that involved a prepubescent minor or a minor who had not attained 12 years of age, and which were produced using materials that had been mailed, shipped, or transported using any means or facility of, or in or affecting interstate or foreign commerce, by any means, including by computer. Specifically, Jones admits and agrees that he possessed the following visual depictions that had been created, adapted, and modified to appear that an identifiable minor is engaging in sexually explicit conduct:

| Device | File Name | Visual Depiction |
|---|---|---|
| TCL NXTPAPER 70 PRO cellular phone, serial number CIZXWG65SWM7DAIJ | 0f0cda13ac3b54e<br>6fa43a4ca5574c6<br>bd12f9ae7ef73ac<br>9cbef6035a83a5e<br>234c.0 | A photo of a nude prepubescent female child positioned in front of an adult male. The defendant modified and adapted the photo. The defendant superimposed Child Victim 1's face onto the female's body in the photo. Child Victim 1 is a minor under the age of 18 years old. |
| TCL NXTPAPER 70 PRO cellular phone, serial number CIZXWG65SWM7DAIJ | 1bc940ddba96c27<br>e7305b7c9dd612<br>632a4c4e2d2c101<br>7830bd89c80608<br>7b0ccf.0 | A photo of a nude prepubescent female child sitting on top of a nude adult male who has an erect penis. The defendant modified and adapted the photo. The defendant superimposed Child Victim 2's face onto the female's body in the photo. Child Victim 2 is a minor under the age of 18 years old. |

| | | |
|---|---|---|
| TCL NXTPAPER 70 PRO cellular phone, serial number CIZXWG65SWM7D AIJ | 1cfc8d2da2cfe1cb 2ee74377cd10a6f afa894884889b86 1e97dd370970e1 9da0.0 | A photo of a nude prepubescent male child laying on his back on a bed, with a nude adult female on top of him, and the child's penis is penetrating the adult female's vagina. The defendant modified and adapted the photo. The defendant superimposed Child Victim 3's face onto the male's body in the photo. Child Victim 3 is a minor under the age of 18 years old. |

He admits that he did so in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

3. On July 22, 2026, the Taylor County Sheriff's Office ("TCSO") Criminal Investigations Division ("CID") conducted an annual sex offender compliance check in Taylor County, Texas, to ensure registered sex offenders are complying with state law as required. Jones lived in Taylor County, Texas. In 2016, Jones was convicted in the 213th District Court in Tarrant County, Texas, of Possession of Child Pornography in violation of Texas Penal Code 43.26(d). The Court sentenced him to 6 years of confinement. The State of Texas lawfully required Jones to register as a sex offender.

4. TCSO agents routinely perform compliance checks with those on the sex offender registry who live in Taylor County, Texas. Agents check open-source records and other databases for any active online accounts associated with the sex offenders' phone number or other registration information. Agents do this to ensure that those on the sex offender registry are staying off the Internet as required.

5. On July 22, 2026, a TCSO agent, who is also a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI), found a "Discord" account with the username "messor13." The account was associated with phone number (325) 530-6350. That phone number belonged to James Michael Jones. Jones submitted that number as

his contact information on the Texas Sex Offender Registry. "Discord" is a free communications application for voice, video, and text chat over the Internet. Jones did not disclose his Discord account during his most recent registry update in December of 2025, as required by Texas law.

6. Jones lived at 476 CR 242, Ovalo, Taylor County, Texas, which is in the Abilene Division of the Northern District of Texas.

7. On July 22, 2026, the FBI-TFO arrived at Jones's residence. The TFO approached the front of Jones's house. Jones exited his residence. Jones admitted to using online social media applications. Jones voluntarily opened his phone and displayed several apps, including Snapchat. When he showed the TFO his Snapchat account on his phone, the TFO saw that his username was "messor1463."

8. The TFO asked Jones about "Discord." Jones initially denied having an account. Upon further discussion, Jones admitted to having a "Discord" account with username "messor13." Jones consented to the search of his phone. Jones also admitted to possessing additional phones located in his house.

9. The TFO arrested Jones for Failure to Comply with Sex Offender Registration Requirements (failure to report internet identifiers), a violation under Texas Code of Criminal Procedure §62.102.

10. The TFO read Jones his *Miranda* rights. Jones waived his *Miranda* rights and agreed to answer questions. Jones consented to a search of his phone and provided the password. The phone was a TCL NXTPAPER, Model 70 Pro, serial number CIZXWG65SWM7DAIJ.

11. The TFO discovered the "Tor Browser" application on the phone. "Tor Browser" is frequently used to access the Dark Web, including sites that traffic in Child Sexual Abuse Material (CSAM).

12. After finding the "Tor Browser" application, the TFO re-administered *Miranda* warnings to Jones, who again acknowledged and agreed to continue answering questions. Jones stated he had only recently acquired the phone. When questioned about the "Tor Browser," Jones admitted, "It's the dark web," and explained that it is used by hackers, child pornography offenders, and child traffickers. Upon further questioning, Jones nodded affirmatively when asked if he had accessed prohibited material on the app. Jones admitted to viewing child pornography on the dark web "every once in a while." Jones further stated that he searches for "Hebe files" (referring to material depicting persons under 17) and described viewing explicit images and videos of prepubescent minors being sexually assaulted. Jones admitted to a sexual interest in prepubescent girls, specifically referencing children ages 10 or 11 years old. He confessed to having recently viewed child pornography, including video depictions of minors being sexually assaulted by adults.

13. Jones voluntarily showed agents how to access child pornography using the "Tor Browser." The TFO saw images of children being sexually assaulted on Jones's phone. Jones stated that he typically downloads such images and videos, then deletes them from the app, and admitted to engaging in this behavior on a previous phone as well, where he also saved illicit material.

14. The TFO requested Jones's consent to return to his residence and retrieve his other phones. Jones consented to return and retrieve the devices. Jones signed a written consent for law enforcement to download data from his current phone, and further admitted that AI-generated child pornography would likely be found on his device, and admitted to using a free AI generator.

15. Jones and agents returned to Jones's residence and retrieved two additional phones: a MOTO G STYLUS 5G (2024), Serial Number ZY22L45QC2, and a MOTO G STYLUS 5G (2002), Serial Number ZD222BDKBY. Jones provided verbal consent for the search of both devices. Upon searching the MOTO G STYLUS 5G, Serial Number ZY22L45QC2, the TFO accessed a locked folder on the device. The TFO saw multiple images and videos depicting prepubescent children being sexually abused, including but not limited to a video of a prepubescent white female being penetrated by an adult male, and an image of a prepubescent female being sexually assaulted by an adult female. Numerous additional images depicting sexual abuse of prepubescent males and females were located in Jones's phone.

16. Jones admitted that the locked folder contained downloads of child pornography. Jones stated he began viewing child pornography approximately six months after his release from prison. He admitted to a sexual interest in "tiny petite girls," and to having downloaded and viewed between 100 to 200 videos and images of child pornography from the dark web, as well as approximately 200 images of AI-generated child pornography.

17. Jones further admitted to downloading non-sexual images of children from the Facebook pages of known acquaintances, including specific known persons in Tuscola, Texas, and former Army associates. He admitted to using those non-sexual images of known children to generate AI child pornography. Jones specifically identified one known child and described generating explicit images using AI tools.

18. Agents discovered the following images modified by artificial intelligence on Jones's TCL NXTPAPER, Model 70 Pro, serial number CIZXWG65SWM7DAIJ:

a. A photo of a nude prepubescent female child positioned in front of an adult male. The defendant modified and adapted the photo. The defendant superimposed Child Victim 1's face onto the female's body in the photo. Child Victim 1 is a minor under the age of 18 years old.

b. A photo of a nude prepubescent female child sitting on top of a nude adult male who has an erect penis. The defendant modified and adapted the photo. The defendant superimposed Child Victim 2's face onto the female's body in the photo. Child Victim 2 is a minor under the age of 18 years old.

c. A photo of a nude prepubescent male child laying on his back on a bed, with a nude adult female on top of him, and the child's penis is penetrating the adult female's vagina. The defendant modified and adapted the photo. The defendant superimposed Child Victim 3's face onto the male's body in the photo. Child Victim 3 is a minor under the age of 18 years old.

19. Jones admits that these photos are "child pornography" as defined in Title 18, United States Code, Section 2256(8)(C) because the photos are visual depictions of sexually explicit conduct that have been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

20. Also on Jones's devices, agents discovered a video approximately 2 minutes and 48 seconds in duration that depicted a lascivious exhibition of the genitals and pubic area of a female child between the ages of 10 and 12 years old, and a video

approximately 36 seconds in duration that depicted a lascivious exhibition of the genitals and pubic area and masturbation of a female minor.

21. Jones admits that he knowingly received by any means or facility of or in or affecting interstate or foreign commerce, including by computer, the items of child pornography described in Count One of the Indictment. Jones further agrees and admits that he knowingly received the items of child pornography using the Internet and a cellular telephone. Jones admits that when he received the items, he knew they were child pornography.

22. Jones admits that he possessed images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), and that the images involved a prepubescent minor or a minor who had not attained 12 years of age. Jones further admits that he knowingly possessed the child pornography, as charged in Count Two of the Indictment. Jones admits that the child pornography had been mailed, shipped, or transported using any means or facility of, or in or affecting interstate or foreign commerce, by any means, including by computer, and that it was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

23. Jones agrees that he used his TCL NXTPAPER 70 PRO cellular phone, serial number CIZXWG65SWM7DAIJ, and a Motorola Stylus 5G cellular phone, serial number ZY22L45QC2, to possess child pornography as alleged in Count Two of the Indictment.

24. Jones admits that he knowingly received by any means or facility of or in or affecting interstate or foreign commerce, including by computer, the items of child pornography described in Count One of the Indictment. Jones further agrees and admits that he knowingly received the items of child pornography using the Internet and a cellular telephone. Jones admits that when he received the items, he knew they were child pornography.

25. Jones admits that he committed all the essential elements of the offenses charged in Count One and Count Two of the Indictment. This factual resume is not intended to be a complete accounting of all the facts and events related to the offenses charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support Jones's guilty plea to Count One and Count Two of the Indictment.

26. Jones further waives and abandons any and all right, title, claim or interest, he may have in the property seized during the investigation from his residence and leading to the Indictment in this case, specifically a TCL NXTPAPER 70 PRO cellular phone, serial number CIZXWG65SWM7DAIJ, a Motorola Stylus 5G cellular phone, serial number ZY22L45QC2, and a Motorola Stylus 5G cellular phone, serial number ZD222BDKBY.

AGREED TO AND STIPULATED on this 3rd day of November, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

MATTHEW L. TUSING
Assistant United States Attorney
Indiana State Bar No. 29526-49
500 Chestnut Street, Suite 601
Abilene, Texas 79602
Telephone: 325-271-6700
E-mail: matt.tusing@usdoj.gov

JAMES MICHAEL JONES
Defendant

10-22-26
Date

NICK DAVIS
Attorney for Defendant

11/2/26
Date